**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1225-15T1

RAHSAAN RIDDICK, JR.,

    Plaintiff-Appellant,

v.

TOWNSHIP OF JACKSON,

    Defendant-Respondent,

and

BRENDAN BENECKE and
CHARLES REAGOR,

    Defendants.

_____

        Argued December 7, 2016 — Decided May 26, 2017

        Before Judges Alvarez and Accurso.[1]

_____

[1] Hon. Carol E. Higbee was a member of the panel before whom this case was argued. The opinion was not approved for filing prior to Judge Higbee's death on January 3, 2017. Pursuant to R. 2:13-2(b), "Appeals shall be decided by panels of 2 judges designated by the presiding judge of the part except when the presiding judge determines that an appeal should be determined by a panel of 3 judges." The presiding judge has determined that this appeal remains one that shall be decided by two judges. Counsel has agreed to the substitution and participation of another judge from the part and to waive reargument.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-728-14.

Richard B. Ansell argued the cause for appellant (Ansell Grimm & Aaron, PC, attorneys; Mr. Ansell, of counsel and on the briefs; Kristine M. Bergman, on the brief).

Jared J. Monaco argued the cause for respondent (Gilmore & Monahan, P.A., attorneys; Christen E. McCullough, on the brief).

PER CURIAM

On October 9, 2015, a Law Division judge heard oral argument on a motion for summary judgment filed by defendant Township of Jackson, opposed by plaintiff Rahsaan Riddick, Jr. Riddick had sued the Township, in addition to individual defendants, for damages resulting from the personal injuries he sustained during an automobile accident.[2] The Township argued that it was entitled to immunity under the relevant portions of the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -12.3; specifically, N.J.S.A. 59:2-3 and 59:2-4 and cases following.

We need not describe the facts or circumstances underlying the accident. We only recount the procedural history of the motion for summary judgment. At the close of oral argument, the judge indicated that he wanted to more closely study a particular case

---

[2] Riddick's brief asserts that the claims against the other drivers have been previously dismissed.

cited by Riddick's counsel. He therefore rendered no decision on the record at the close of argument. Unfortunately, it appears that through some oversight, no decision was rendered on the record at any time thereafter, and that no written statement of reasons was issued later that day when the order granting summary judgment was forwarded to counsel. Thus we vacate the decision and remand for reconsideration of the submissions and for the judge to memorialize, in accord with Rule 1:7-4(a), his reasons for decision.

As has been so often reiterated, without findings of fact and rulings of law, no meaningful appellate review can be conducted. See Rutgers Univ. Student Assembly v. Middlesex Cty. Bd. of Elections, 438 N.J. Super. 93, 106-07 (App. Div. 2014) (stating this court was "unable to fulfill [its] appellate function" without the trial court making factual findings and noting that our Supreme Court has stated "[f]ailure to perform [this] duty [under Rule 1:7-4(a)] constitutes a disservice to the litigants, the attorney, and the appellate court."). Although compliance with the rule is always important, it is particularly consequential when a motion for summary judgment is granted and a dismissal ensues. At that point, the order is finally appealable of right. See R. 2:2-3(a)(1); Pressler & Verniero, Current N.J. Court Rules, comment 7 on R. 1:6-2 (2017).

Accordingly, we vacate the order granting summary judgment and remand for reconsideration of the motion and compliance with the rule. It is self-evident that we do not express an opinion one way or the other as to the proper outcome of the motion. We do not retain jurisdiction.

Vacated and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4